IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KENNITH McDOWELL, ROBERT MAULDING, GREGORY J. STICKNEY, LUTHER STRIPLING, RUDY KYLE, FRED DOLLAR, JAMES JOSLIN, and JAMES MILNER, | * * * * * * | |
| Plaintiffs, | * * | |
| vs. | * * * * | No. 4:08cv003979 SWW |
| ELBERT PRICE, individually and as Trustee for Bud Price's Excavating Service, Inc. Profit-Sharing Plan and for Price's Utility Contractors, Inc. Retirement Plan; MARY RUTH PRICE, individually and as Trustee for Bud Price's Excavating Service, Inc. Profit-Sharing Plan and for Price's Utility Contractors, Inc. Retirement Plan; Bud Price's Excavating Service, Inc. Profit-Sharing Plan; and Price's Utility Contractors, Inc. Retirement Plan; Price's Utility Contractors, Inc. as plan administrator for Price's Utility Contractors, Inc. Retirement Plan and Bud Price's Excavating Service, Inc. as plan Administrator of Bud Price's Excavating Service, Inc. Profit-Sharing Plan, | * * * * * * * * * * * * * * * * * | |
| Defendants. | * | |

## ORDER

Plaintiffs Kennith McDowell, Robert Maulding, Gregory J. Stickney, Luther Stripling, Rudy Kyle, Fred Dollar, James Joslin, and James Milner, former employees of corporate defendants Bud Price's Excavating Service, Inc. (Price Excavating) and Price's Utility Contractors, Inc. (Price Utility), bring this action pursuant to the Employee Retirement Income

Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.*, to have their pensions under a profit sharing plan maintained by Price Excavating and a defined benefit plan maintained by Price Utility determined and benefits paid.[1]  The matter is before the Court on motion of defendants, Elbert Price and Mary Ruth Price, individually and as Trustees for Price Excavating's profit sharing plan and Price Utility's defined benefit plan, to dismiss without prejudice for failure to exhaust administrative remedies [doc.#44].  Plaintiffs have responded in opposition to defendants' motion.  Having considered the matter, the Court denies without prejudice defendants' motion to dismiss for failure to exhaust administrative remedies.

I.

In their amended complaint, plaintiffs challenge the manner in which both the Price Excavating profit sharing plan and the Price Utility defined benefit plan (collectively, "the plans") were administered.  Plaintiffs allege that the defendants failed to distribute the proper amounts to some plaintiffs and failed to make distributions to others, failed and refused to provide all the information and documentation required by ERISA and that such failures/refusals constituted concealment, bad faith, breach of fiduciary duties and fraud, misrepresented information provided to the plaintiffs, improperly obtained releases for distributions, failed to establish trust funds, improperly allowed an attorney, Barry Jewell, a convicted felon, to

---

[1] A "profit sharing plan" is a type of "defined contribution plan" where employees and employers may contribute to the plan and the employer's contribution is fixed and the employee receives whatever level of benefits the amount contributed on his behalf will provide.  *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 439 (1999).  A defined contribution plan provides for an individual account for each participant and for benefits based solely upon the amount contributed to the participant's account.  *Id*.  A defined benefit plan, in turn, "is one that promises to pay employees, upon retirement, a fixed benefit under a formula that takes into account factors such as final salary and years of service with the employer." *Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 677 n.1 (1990).

administer the plains,[2] improperly calculated distribution amounts, managed plan assets for personal gain, converted plan assets, and improperly invested plan assets. Plaintiffs request *inter alia* that any releases be declared void, that a professional, bonded, independent trustee take control of all plan assets and recalculate all benefits and pay additional benefits due to plaintiffs, that a full accounting be provided for each plan, and that any funds improperly taken be returned to the plans.[3]

In moving to dismiss for failure to exhaust administrative remedies, defendants note that both plans provide procedures for requesting distributions, waiving elections provided to participants and spouses, and documenting payment and contesting distributions. Defendants state that some of the plaintiffs complied with the procedures, received their distributions and now claim they received less than the amounts to which they were entitled, while others claim the documentation and waivers requested by the defendants' prior attorney constituted releases prohibited by ERISA and refused to sign the documentation. Defendants claim the plaintiffs propose to use this action to acquire every document and record since the inception of the plans to make their own calculations of benefits for verification and distribution by this Court and that there is no reason for this Court to perform the actuarial calculations and administrative procedures required by the plans. Defendants argue the plaintiffs should not interfere with the administrative process by attempting to conduct their own audit all the way back to the inception

---

[2] According to defendants, the plans are funded solely by the employer and were established and administered with the assistance of Jewell, a Little Rock lawyer whose practice focused primarily on employment and tax matters. Defendants note that Jewell was convicted of a felony in federal court in 2008 for acts not pertaining to this action and that his involvement with the plans was thereafter terminated.

[3] Plaintiffs state the United States Department of Labor is investigating the Price Excavating and Price Utility plans. Amend. Compl. at ¶¶ 16-18, 54.

of the plans nor should they be permitted to substitute their calculations for those of the plan administrators.  Defendants acknowledge that some amounts are due most plaintiffs but those amounts should be determined and distributed in a nonadversarial atmosphere.  Defendants state they are still in the process of retrieving all of the plan documents and records from prior counsel for verification and further administration and that although they cannot represent to the Court at this time that every plaintiff was given every notice or document required by ERISA, there is no need to bypass the claim and administrative procedures with this litigation.  Defendants state that the purposes of exhaustion would be served by dismissal and the plaintiffs could still pursue their claims for distribution.  In this respect, defendants state that although not required, they would like to terminate both plans and make distribution to all participants but that this litigation is a major impediment to that process.

A.

In the Eighth Circuit, benefit claimants must exhaust the benefits appeal procedure before bringing claims for wrongful denial to court.  *Midgett v. Washington Group Intern. Long term Disability Plan*, 561 F.3d 887, 898 (8th Cir. 2009).  The exhaustion requirement serves to minimize the number of frivolous ERISA lawsuits, promote the consistent treatment of benefit claims, provide a nonadversarial dispute resolution process, and decrease the cost and time of claims settlement.  *Kinkead v. Southwestern Bell Corporation Sickness & Accident Disability Benefit Plan*, 111 F.3d 67, 68 (8th Cir. 1997).  In addition, it enhances the ability of trustees to interpret plan provisions and helps assemble a factual record which will assist a court in reviewing claim denials.  *Id.  See also Wert v. Liberty Life Assur. Co. of Boston,* 447 F.3d 1060,

1066 (8th Cir. 2006) (exhaustion grants claim administrators an opportunity to correct errors, promotes consistent treatment of claims, provides a non-adversarial dispute resolution process, and decreases the cost and time of claims resolution); *Back v. Danka Corp.,* 335 F.3d 790, 792 (8th Cir. 2003) (exhaustion permits an employer, or its plan, to obtain full information about a claim for benefits, to compile an adequate record, to make a reasoned decision, and offers the reviewing court a factual predicate upon which to proceed).

Where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his or her claim for relief is barred. *Midgett*, 561 F.3d at 898; *Norris v. Citibank, N.A. Disablilty Plan (501),* 308 F.3d 880, 884 (8th Cir. 2002) (same). ERISA plan beneficiaries are required to exhaust their claims where there is notice of an available review procedure and where there is no showing that exhaustion would be futile. *Wert,* 447 F.3d at 1065. An administrative remedy will be deemed futile if there is doubt about whether the agency could grant effective relief. *Midgett*, 561 F.3d at 898. Unsupported and speculative claims of futility do not excuse a claimant's failure to exhaust his or her administrative remedies. *Id.*[4]

B.

The Court has considered the matter and will not, on the record as it now stands, require plaintiffs to exhaust their administrative or plan remedies. Certainly, this Court's review of plaintiffs' allegations will be rendered more difficult and time-consuming in the absence of an

---

[4] Plaintiffs now acknowledge that the Eighth Circuit requires exhaustion of administrative remedies if they are in a plan. Previously, plaintiffs asked this Court to set aside its standard ERISA scheduling Order providing for submission of the administrative record, arguing that exhaustion is generally not required in these types of circumstances.

administrative record. As previously noted, however, the exhaustion requirement applies so long as the employee has notice of the review procedure, *see Wert*, 447 F.3d at 1063, and plaintiffs allege they received no notice and did not know of any appeal procedure at the time they left their jobs. Rather, plaintiffs allege that notice of the review procedure was only first disclosed in defendants' March 2009 motion to dismiss and that those procedures differ from certain plan provisions disclosed in 2007. Defendants have not controverted these allegations and they acknowledge that they cannot represent to the Court at this time that every plaintiff was given every notice or document required by ERISA. That being so, and given that plaintiffs' amended complaint is reviewed in the light most favorable to the plaintiffs, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed if there are pled "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Court will deny without prejudice defendants' motion to dismiss for failure to exhaust administrative remedies.[5]

III.

For the foregoing reasons, the Court denies without prejudice defendants' motion to dismiss for failure to exhaust administrative remedies.

IT IS SO ORDERED this 10th day of July 2009.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[5] Because the Court resolves the exhaustion question on the issue of notice, the Court does not address plaintiffs' alternative arguments that exhaustion would be futile, and that breach of fiduciary duty, laches, waiver and estoppel bar defendants from asking that plaintiffs exhaust their administrative remedies.