IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KENNITH McDOWELL, et al.                                    PLAINTIFFS

vs.             Civil Case No. 4:08CV003979 HLJ

ELBERT PRICE, et al.                                         DEFENDANTS

ORDER

This Order is intended to clarify further the Order entered on February 19, 2010, (DE #228) regarding the issues to be addressed at the hearing now scheduled for March 11, 2010, and to address the motions that will not be addressed at the hearing. In that Order, the court listed the following motions to be addressed at the hearing: Defendants' Motion for a Protective Order (DE #126); Plaintiffs' Second Motion Requesting Permission to Propound More than Twenty-five Interrogatories (DE #99); Plaintiffs' Motion Requesting that Discovery Cover All Years, All Plans and All Employees from 1974 Forward (DE #128); Plaintiffs' Amended Motion for an Order Compelling Disclosure (for more complete initial disclosures) and for sanctions (DE #133); and Plaintiffs' Motion to Compel Discovery–Interrogatories 1-16 and Requests for Production Nos. 1-68 (DE #161).

I.

Plaintiffs filed a motion to amend (DE #133) their initial Motion for an Order Compelling Disclosure, for Imposition of Sanctions and for an Expedited Ruling on Both Issues (DE #134). The motion to amend will be granted. This will moot the initial

motion (DE #134), and the court will deny it as moot. The motion to amend (DE #133) will be considered the amended Motion for an Order Compelling Disclosure and sanctions, which the court stated above will be addressed at the hearing. The court will deny that portion of DE #133 requesting an expedited ruling.

## II.

Plaintiffs have also filed the following motions: (1) Motion Requesting an Expedited Ruling on Defendants' Motion for Protective Order Regarding All Financially-Based Discovery Requests Objected To In The Motion For a Protective Order (DE #137); (2) Motion Requesting an Expedited Ruling on and Grant of Plaintiffs' Motion Requesting Permission to Propound More than 25 Interrogatories and That a Shortened Response Time Be Imposed on Defendants (DE #153); (3) Motion Requesting an Expedited Ruling on Plaintiffs' Motion That Discovery Cover All Years, All Plans and All Employees From 1974 Forward (DE #155) and (4) Motion Requesting a Shortened Response Time for All Pending Motions and an Expedited Ruling on All Pending Motions (DE #171).

Plaintiffs' motions for expedited rulings (DE #137, DE #153, DE #155 and DE #171) will be denied. The court will rule on the substantive motions, and others discussed below, in this Order, or after it hears the argument and/or testimony presented at the hearing, and it will issue its rulings in due course following the hearing.

## III.

The portion of DE #171 that requests a shortened response time for all pending motions will be denied. In its Scheduling Order entered on December 28, 2009, the District Court scheduled this case for trial on July 5, 2010, and it directed the parties to complete discovery no later than March 8, 2010. The court stated that the parties could continue to engage in discovery after March 8, 2010, if they mutually agreed to do so, (which is true in every case) but, should there be a discovery dispute beyond that date, the district court would not resolve it. This was because the discovery deadline would have passed on that date, and the parties would not be entitled to a ruling by the court.

Counsel states in Plaintiffs' brief (DE #172) that "the lack of a judge to enforce discovery after March 8, 2010 has caused considerable alarm on Plaintiffs' side of the case," and she asks the court to "appoint a successor judge to oversee this case after March 8, 2010 and until the Court again resumes the bench." Plaintiffs' Brief (DE #172) at 3. Plaintiffs also filed a Motion Requesting That the Court Appoint a Judge to Oversee Discovery and Other Motions from March 8, 2010 Forward (DE #158).

On February 26, the District Court entered an Order (DE #240) granting Plaintiffs' separate Motion for an Extension of Time in Which to Conduct Discovery and to File Dispositive Motions (DE #222). I note Plaintiffs had previously filed a Motion Requesting an Extension of Time to Conduct Discovery (DE #175). I find this previous motion (DE #175) is now moot in light of the District Court's Order, and I will deny this motion on that basis. I

further find Plaintiffs' Motion Requesting That the Court Appoint a Judge to Oversee Discovery and Other Motions from March 8, 2010 Forward (DE #158) is now moot, and it will be denied on that basis.

IV.

Plaintiffs' request in DE #153 that the court grant <u>prior to the hearing</u> their motion requesting permission to propound more than 25 interrogatories (DE #99) will be denied. Plaintiffs' request in DE #153 that a shortened response time be imposed on Defendants will also be denied.

V.

Plaintiffs have also filed the following motions: (1) Motion Requesting Imposition of a Spoliation of Evidence Inference for All Discovery and Initial Disclosures Not Produced by Defendants (DE #166); (2) Motion (DE #169) to Amend Plaintiffs' Brief (DE #167) in Support of Plaintiffs' Motion (DE #166) Requesting Imposition of a Spoliation of Evidence Inference for All Discovery and Initial Disclosures Not Produced by Defendants; (3) Motion Requesting That Defendants Be Ordered to Cooperate Fully with the Company That Will Calculate Benefits and Close All Plans (DE #173); (4) Motion Asking That the Two Schwab Accounts Be Closed and the Proceeds Paid into the Registry of the Court or to an Independent Trustee Or, Alternatively, That the Defendants Be Removed as Entities Who Can Access the Accounts (DE #201); (5) Motion Requesting That the Court Impose a Missing or Not-supplied Documents Inference (DE #204); (6) Motion to Exclude Testimony by Friday Law Firm (DE #215); Plaintiffs' Motion to Compel Discovery – to order Defendants to

4

respond to Requests for Production Nos. 5 & 6 (DE #220); and (7) Motion Requesting the Closure of the Two Metropolitan Capital Management Accounts and Transfer of the Funds in Each to the Court or an Independent Financial Institution with the Prices Having No Access to Said Accounts (DE #248).

VI.

Plaintiffs' Motion to Amend (DE #169) Plaintiffs' Brief (DE #167) in Support of Plaintiffs' Motion (DE #166) Requesting Imposition of a Spoliation of Evidence Inference for All Discovery and Initial Disclosures Not Produced by Defendants will be granted. The motion to amend (DE #169) will be considered the amended brief in support of Plaintiffs' motion (DE #166).

In the substantive motion regarding the spoliation of evidence (DE #166), Plaintiffs ask the court to find that an inference exists "that every document Defendants failed to produce in the initial disclosures and fail or failed to produce pursuant to Plaintiffs' discovery be deemed to establish a fact in favor of Plaintiffs' case." Plaintiffs' Motion (DE #166) at 1. In their Motion Requesting That the Court Impose a Missing or Not-supplied Documents Inference (DE #204), Plaintiffs ask that, "when the company retained to do the benefit calculations does those calculations that each document that cannot be or is not produced should establish the inference that the missing or not produced document contains the data or numbers favorable to Plaintiffs' position." Plaintiffs' Motion (DE #204) at 1.

It is not clear exactly what Plaintiffs are asking this court to do at this time in either of the motions. If they are requesting the court to infer merely from the discovery dispute that Defendants have intentionally destroyed evidence in this case in order to hide the truth, see Greyhound Lines, Inc. v. Wade, 485 F.3d 1032, 1035 (8th Cir. 2007), the motions must be denied. At this point, there is merely a discovery dispute. Plaintiffs have provided no factual basis for a finding that documents are missing, much less that Defendants intentionally destroyed them. Plaintiffs' motions (DE #166 and DE #204) will be denied without prejudice.

VII.

In their brief (DE #174) in support of their Motion Requesting That Defendants Be Ordered to Cooperate Fully with the Company That Will Calculate Benefits and Close All Plans (DE #173), Plaintiffs re-argue their position that Defendants are withholding documents needed to calculate benefits and

> ask that the Court order Defendants to cooperate fully with the company chosen later in the case to do the benefit calculations and close the plans. And that any information requested by that company and the responsive documents be filed with the Court and a copy must go to Plaintiffs or, alternatively, that any documents requested by the company be made (sic) to Plaintiffs who will transmit this information to Defendants who will then transmit this information to Plaintiffs for transmission to the company. This will prevent any inappropriate activities by these Defendants.

Plaintiffs' Brief (DE #174) at 2. Plaintiffs' allegations and comments in their brief and reply are vague and unsupported and

offer no basis for granting such broad and unspecific relief. The motion (DE #173) will be denied.

## VIII.

In their brief (DE #202) in support of their Motion Asking That the Two Schwab Accounts Be Closed and the Proceeds Paid into the Registry of the Court or to an Independent Trustee Or, Alternatively, That the Defendants Be Removed as Entities Who Can Access the Accounts (DE #201), Plaintiffs allege Defendants are removing funds from accounts belonging to the disputed pension funds. Defendants, in their response (DE #223), contend the accounts in question are Defendants' personal accounts. This is a factual issue that may be resolved at the hearing. Plaintiffs have also filed a Motion Requesting the Closure of the Two Metropolitan Capital Management Accounts and Transfer of the Funds in Each to the Court or an Independent Financial Institution with the Prices Having No Access to Said Accounts (DE #248). The court will hear argument and/or testimony on these motions at the hearing.

## IX.

In their brief (DE #216) in support of their Motion to Exclude Testimony by Friday Law Firm (DE #215), Plaintiffs

> ask that no member of the Friday Law Firm who worked at this firm at any time be allowed to testify at any hearing in this case or at the trial of this case as to the profit sharing calculations the Friday Law Firm did or the defined benefit calculations allegedly done by Mr. Turpin or any aspect of any issue related to this case because the Friday Law Firm is the attorney for the plans in this case. Friday Law Firm should be meant to encompass any partner, individual, professional corporation or partnership or any other organizational form affiliated with or employed by the Friday Law Firm.

> The Friday Law Firm employs Mr. Nisbet who is the attorney representing the plans along with Mr. Rauls. Mr. Nisbet has been the person representing all Defendants before the U.S. Department of Labor [DOL] as long ago as June 2009 as his September 11, 2009 letter says "our office" has been in almost daily contact with the DOL over the last three months. This letter concludes by saying that Mr. Nisbet is not an attorney for any Defendant. Ex. A. This was not a true statement.

Plaintiffs' Brief (DE #216) at 1.

Neither Mr. Nesbit nor the Friday Law Firm has made an appearance of record in this case as counsel for Defendants or the plans. Plaintiffs' motion will be denied.

X.

Plaintiffs' Motion to Compel Discovery – to order Defendants to respond to Requests for Production Nos. 5 & 6 (DE #220) is a continuation of the discovery dispute that is the subject of the hearing. The court will hear argument and/or testimony on this motion at the hearing.

XI.

Plaintiffs have also filed a Motion (DE #245) for Entry of Order Granting Plaintiffs' Motion (DE #128) Requesting that Discovery Cover All Years, All Plans and All Employees From 1974 Forward, in which they argue the court should grant DE #128 because Defendants have not responded to it. In their brief (DE #251) in support of their response (DE #250) to this motion, Defendants refer to Plaintiffs' "voluminous and repetitive discovery requests." Defendants' Brief at 1.

Defendants filed their response to Plaintiffs' Motion Requesting that Discovery Cover All Years, All Plans and All

Employees From 1974 Forward (DE #128) on January 28, 2010 (DE #183). Although the title of the pleading is "Defendants' Reply Re Motion for Protective Order," the body of the pleading clearly references Plaintiffs' motion (DE #128) and states that "[t]o the extent that the motion is considered separately, this reply is intended as the defendants' response to that motion." Defendants' Reply Re Motion for Protective Order (DE #183) at 1. The court notes Defendants' response was six days late, but Plaintiffs have not asserted any prejudice from the tardy filing. Plaintiffs' motion (DE #245) will be denied.

IT IS THEREFORE ORDERED that the following motions are hereby granted:

> 1. Plaintiffs' Motion to Amend their Motion for an Order Compelling Disclosure, for Imposition of Sanctions and for an Expedited Ruling on Both Issues, (DE #133), except for the portion that requests an expedited ruling. The motion to amend will be considered as the amended motion to compel and for sanctions and the court will hear argument and/or testimony on this motion at the hearing.
>
> 2. Plaintiffs' Motion to Amend (DE #169) Plaintiffs' Brief (DE #167) in Support of Plaintiffs' Motion (DE #166) Requesting Imposition of a Spoliation of Evidence Inference for All Discovery and Initial Disclosures Not Produced by Defendants. The motion to amend will be considered as the amended brief.

IT IS FURTHER ORDERED that the following motions are hereby denied as moot:

> 1. Plaintiffs' initial Motion for an Order Compelling Disclosure, for Imposition of Sanctions and for an Expedited Ruling on Both Issues (DE #134), which was mooted by the court's granting Plaintiffs' motion to amend (DE #133) this motion.
>
> 2. Plaintiffs' Motion Requesting That the Court Appoint a Judge to Oversee Discovery and Other Motions from March

8, 2010 Forward (DE #158), which was mooted by the District Court's Order (DE #240) granting Plaintiffs' motion for an extension of time (DE #222).

3. Plaintiffs' Motion Requesting an Extension of Time to Conduct Discovery (DE #175), which was also mooted by the District Court's Order (DE #240) granting Plaintiffs' motion for an extension of time (DE #222).

IT IS FURTHER ORDERED that the following motions are hereby denied with prejudice:

1. That portion of DE #133 that requests an expedited ruling on the motion.

2. Plaintiffs' Motion Requesting an Expedited Ruling on Defendants' Motion for Protective Order Regarding All Financially-Based Discovery Requests Objected To In The Motion For a Protective Order (DE #137).

3. Plaintiffs' Motion Requesting an Expedited Ruling on and Grant of Plaintiffs' Motion Requesting Permission to Propound More than 25 Interrogatories and That a Shortened Response Time Be Imposed on Defendants (DE #153).

4. Plaintiffs' Motion Requesting an Expedited Ruling on Plaintiffs' Motion That Discovery Cover All Years, All Plans and All Employees From 1974 Forward (DE #155).

5. Plaintiffs' Motion Requesting a Shortened Response Time for All Pending Motions and an Expedited Ruling on All Pending Motions (DE #171).

6. Plaintiffs' Motion Requesting That Defendants Be Ordered to Cooperate Fully with the Company That Will Calculate Benefits and Close All Plans (DE #173).

7. Plaintiffs' Motion to Exclude Testimony by Friday Law Firm (DE #215).

8. Plaintiffs' Motion for Entry of Order Granting Plaintiffs' Motion that Discovery Cover All Years, All Plans and All Employees From 1974 Forward (DE #245).

IT IS FURTHER ORDERED that the following motions are hereby denied without prejudice:

1. Plaintiffs' Motion Requesting Imposition of a Spoliation of Evidence Inference for All Discovery and Initial Disclosures Not Produced by Defendants (DE #166).

2. Plaintiffs' Motion Requesting That the Court Impose a Missing or Not-supplied Documents Inference (DE #204).

The court will hear argument and/or testimony on the following motions at the hearing on March 11, 2010:

1. Plaintiffs' Second Motion Requesting Permission to Propound More than Twenty-five Interrogatories (DE #99).

2. Defendants' Motion for a Protective Order (DE #126).

3. Plaintiffs' Motion Requesting that Discovery Cover All Years, All Plans and All Employees from 1974 Forward (DE #128).

4. Plaintiffs' Amended Motion for an Order Compelling Disclosure and for Imposition of Sanctions (DE #133).

5. Plaintiffs' Motion to Compel —Interrogatories 1-16 and Requests for Production NOS. 1-80 (DE #161).

6. Plaintiffs' Motion Asking That the Two Schwab Accounts Be Closed and the Proceeds Paid into the Registry of the Court or to an Independent Trustee Or, Alternatively, That the Defendants Be Removed as Entities Who Can Access the Accounts (DE #201), along with the recently filed Motion Requesting the Closure of the Two Metropolitan Capital Management Accounts and Transfer of the Funds in Each to the Court or an Independent Financial Institution with the Prices Having No Access to Said Accounts (DE #248).

7. Plaintiffs' Motion to Compel Discovery – to order Defendants to respond to Requests for Production Nos. 5 & 6 (DE #220).

SO ORDERED this 8th day of March, 2010.

*Henry L. Jones, Jr.*
United States Magistrate Judge