IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KENNITH McDOWELL, ROBERT MAULDING, LUTHER STRIPLING, RUDY KYLE, FRED DOLLAR, JAMES JOSLIN, JAMES MILNER, JOE ELLIS, DAVID ELLIS, DANIEL STRIPLING, and JANET STRIPLING, Plaintiffs, vs. | * * * * * * * * * * | No. 4:08cv003979 SWW |
| ELBERT PRICE, individually and as Trustee for these plans: Bud Price's Excavating Service Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, Price's Utility Contractors, Inc. Retirement Plan and for six unnamed plans; MARY RUTH PRICE, individually and as Trustee for these plans: Bud Price's Excavating Service, Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, Price's Utility Contractors, Inc. Retirement Plan and for six unnamed plans (Plans A-F); Bud Price's Excavating Service, Inc. Profit-Sharing Plan; Price's Utility Contractors, Inc. Retirement Plan; Bud Price's Excavating Service, Inc. Retirement Plan; six unnamed plans (Plans A-F); Price's Utility Contractors, Inc. as plan administrator for Price's Utility Contractor's Inc., Retirement Plan and up to six unnamed plans; Bud Price's Excavating Service, Inc. as plan administrator of Bud Price's Excavating Service, Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, and up to six unnamed plans (A-F), Defendants. | * * * * * * * * * * * * * * * * * * * * * * * | |

## ORDER

Plaintiffs Kennith McDowell, Robert Maulding, Luther Stripling, Rudy Kyle, Fred

Dollar, James Joslin, James Milner, Joe Ellis, David Ellis, Daniel Stripling, and Janet Stripling,

former employees or beneficiaries of former employees of defendants Bud Price's Excavating Service, Inc. and Price's Utility Contractors, Inc., bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, to have their benefits under certain profit sharing plans and/or defined benefit plans that were maintained by defendants determined and paid. The matter was referred to Magistrate Judge H. David Young for further proceedings and recommendation.

By Order entered April 27, 2010, Judge Young gave plaintiffs until and including May 27, 2010 in which to file an amended complaint, extended the discovery deadline to and including July 27, 2010, and established a dispositive motions deadline of August 27, 2010. Plaintiffs filed their second amended complaint [doc.#299] on April 29, 2010, and this Court, by Order entered May 5, 2010, established a trial date of January 24, 2011.

On August 23, 2010, Plaintiffs filed a motion for summary judgment [doc.#318], the brief of which consists of 82 pages. Defendants, in turn, filed their motion for summary judgment [doc.#320] on August 27, 2010. On September 21, 2010, plaintiffs, with the approval of Judge Young, filed an amended motion for summary judgment [doc.#330] in order to include their statement of undisputed material facts as required by Local Rule 56.1.[1] Defendants, however, neglected to file with their motion a Local Rule 56.1 statement.

On October 13, 2010, Judge Young filed Findings and Recommendation ("F&R")

---

[1] Rule 56.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provides that "[a]ny party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine issue to be tried." Paragraph (b) of the rule provides that "[i]f the non-moving party opposes the motion it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried." Paragraph (c) of the rule provides that "[a]ll material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b)." Finally, paragraph (d) of the rule provides that "[t]he time for filing a response and reply is governed by Local Rule 7.2(b)."

[doc.#334], in which he recommends that the parties' cross-motions for summary judgment be denied.  Plaintiffs timely filed objections to the F&R while defendants have not filed a response.  For the reasons that follow, the Court declines to adopt the F&R and refers this matter back to Judge Young for further proceedings and recommendation.

The F&R notes that a brief summary of plaintiffs' forty-two page, four count second amended complaint[2] is not easy and instead adopts, "[f]or the sake of brevity," the summary of plaintiffs' allegations provided by defendants as follows:

> ... the plaintiffs allege that the defendants failed to make proper distributions; failed to provide information required by ERISA; improperly administered the plans and plan assets; improperly calculated distributions; and managed plan assets for personal gain.  The plaintiffs request an accounting of their interests in the plans; that their interests be paid; that any improper or excessive distribution to a defendant be repaid; and that penalties be imposed for failing to provide information.  The complaint also asks that the Court hire additional firms to manage plan assets and re-calculate plan benefits.

In recommending that the parties' cross-motions for summary judgment be denied, the F&R notes that a review of the parties' motions was hampered by their failure to fully comply with Local Rule 56.1, with plaintiffs' Rule 56.1 statement containing largely conclusions (which plaintiffs dispute) and defendants failing to even submit a Local Rule 56.1 statement.  The parties were not, however, directed to file statements that were in compliance with Local Rule 56.1 or subjected to the consequences of their failure to comply with Local Rule 56.1 (either in whole or in part).  Rather, the motions for summary judgment were ruled upon despite the determination that they were not in compliance with Local Rule 56.1.  In this respect, the F&R states that there are genuine issues of material fact precluding summary judgment to either party that "include, but are certainly not limited to," the identity of the plan documents actually

---

[2] Count four of plaintiffs' second amended complaint is apparently mistakenly labeled as "Count V."

requested by the plaintiffs; how they requested the documents; when they requested the documents; whether the documents are enumerated in 29 U.S.C. § 1024; whether the defendants responded to the plaintiffs' request(s); and, if so, when the defendants responded to the request(s); whether the defendants committed fraud and/or breached fiduciary duties; whether the specific acts alleged by plaintiffs rise to the appropriate level of severity; and the correctness of the accounting the defendants provided the plaintiffs.

The Court has considered the matter and finds that the F&R does not set forth sufficient factual detail and legal analysis of the issues raised by the parties' motions for summary judgment to assist the Court in determining how best to proceed.[3]  The F&R does not set forth a detailed factual background (including the circumstances of each plaintiff), does not reference the exhibits submitted in support of the parties' motions for summary judgment, and does not set forth a substantive analysis of any of the parties' claims other than to state that material facts remain in dispute, in some cases without a determination of what those facts may be.  For example, in determining that material facts remain in dispute as to counts one, two, and four of plaintiffs' second amended complaint, the F&R notes that "[i]t is entirely possible that the plaintiffs addressed some of the facts in their submissions" but that "[b]ecause their submissions are not a model of organization nor clarity, though, it is difficult to ascertain whether the plaintiffs actually did so."  It is not clear, however, how a determination that material facts remain in dispute can be made without first ascertaining what those facts are, difficult a task as that may be (as it often is in summary judgment proceedings).

The F&R also acknowledges the existence of certain issues but does not address their

---

[3] Excluding the style of the case, instructions for filing written objections, and a brief introduction and recitation of the parties' claims, the substance of the F&R on the parties' motions for summary judgment consists of less than two pages.

substance. For example, the F&R notes that "plaintiffs ask that a 'spoliation inference' and a 'missing document inference' be 'imposed' in connection with their motions'" but that issue is not addressed or otherwise mentioned. Similarly, the F&R notes that plaintiffs maintain that six other "still unidentified" retirement and/or profit sharing plans exist and determines that a genuine issue of material fact remains concerning the existence of those plans even though discovery has ended and the plaintiffs have the burden of proof on this issue.[4]

To the extent review of the parties' motions for summary judgment was hampered by their failure to comply with Local Rule 56.1, and so that an F&R may be issued that is of assistance to the Court in moving this case forward, the Court directs that within fourteen (14) days from the date of entry of this Order, plaintiffs file an amended Local Rule 56.1 statement in support of their motion for summary judgment that fully complies with Local Rule 56.1 and defendants file an initial Local Rule 56.1 statement in support of their motion for summary judgment that fully complies with Local Rule 56.1. Within twenty-eight (28) days from the date of entry of this Order, the parties may file responses to each others' Local Rule 56.1 statement. Within thirty-five (35) days from the date of entry of this Order, the parties may file replies to the responses to each others' Local Rule 56.1 statement. After the parties have submitted their Local Rule 56.1 statements as herein directed, the Court directs that on referral, the parties' motions for summary judgment be readdressed and a detailed and comprehensive F&R on all

---

[4] In their objections to the F&R, plaintiffs allege that defendants have not answered all of plaintiffs' discovery and ask that if the Court is not going to order production that a spoliation of evidence inference and missing documents inference be imposed so that "the benefits calculation firm can take the nearest number in time to any missing number and interpolate it back or forward in time to supply a missing number." Certainly, whether plaintiffs have been accorded adequate discovery and whether plaintiffs are entitled to the inferences they seek are matters that may be addressed on referral.

issues be filed.[5]

The Court now turns to plaintiffs' request for an accounting. Defendants acknowledge that an accounting is necessary and, as previously noted, have provided plaintiffs with an accounting, albeit one that plaintiffs claim to be incorrect. Indeed, the central issue in this case concerns an accounting of the plaintiffs' interests in the plans, and many of the issues upon which the parties move for summary judgment revolve around that central issue. Because Judge Young will consider many of the issues surrounding an accounting of the plaintiffs' interests in the plans in revisiting the parties' motions for summary judgment and preparing an F&R, the Court informs the parties that it is considering appointing Judge Young as a special master in accordance with Rule 53 of the Federal Rules of Civil Procedure to perform an accounting, taking all appropriate measures to perform the assigned duty of determining plaintiffs' interests in the plans fairly and efficiently, after which he will issue an F&R for this Court's de novo review. Before doing so, however, the parties are hereby given fourteen (14) days from the date of entry of this Order in which to be heard on the issue of appointing Judge Young a special master to perform an accounting.[6]

Finally, because it is apparent that this case will not be ready for trial on the date

---

[5] Of course, a party cannot defeat summary judgment simply by making review of their pleadings difficult. Even if it is determined that genuine issues of material fact remain on some or all issues, a detailed factual and legal analysis surrounding those disputes, including the circumstances of each plaintiff and references to the record, will be helpful to the Court. It may also be that a hearing on the parties' motions for summary judgment would be helpful in formulating an F&R.

[6] Rule 53 of the Federal Rules of Civil Procedure expressly authorizes the appointment of a special master for the purpose of performing an accounting or resolving an issue of damages and specifically contemplates the appointment of magistrate judges to perform this particular function. *International Union of Bricklayers and Allied Craftworkers, Local 5*, No. 4:07-CV-1245, 2009 WL 4906525 at *10 (M.D.Pa. Dec. 15, 2009). Further, the Magistrate's Act, 28 U.S.C. § 636, specifically authorizes the district court to appoint a magistrate judge to serve as a special master and permits the magistrate judge to make recommendations which are subject to objections by the parties and de novo review by the district court. *Id*. The appointment of a special master in cases involving difficult accountings or damage computations may be made without the consent of the parties. *Gonzalez v. Carlin*, 907 F.2d 573, 577 (5th Cir. 1990).

scheduled, the trial date of January 24, 2011, is hereby continued.  The Court will issue a new trial date, if necessary, following Judge Young's F&R on the parties' motions for summary judgment and/or F&R following an accounting (should Judge Young be appointed a special master).  Plaintiffs' motion [doc.#332] requesting entry of an order granting summary judgment to plaintiffs on grounds defendants did not defend on plaintiffs' amended motion for summary judgment is denied.

IT IS SO ORDERED this 29th day of October 2010.

<u>/s/Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE