IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| KENNITH McDOWELL, ROBERT MAULDING, LUTHER STRIPLING, RUDY KYLE, FRED DOLLAR, JAMES JOSLIN, JAMES MILNER, JOE ELLIS, DAVID ELLIS, DANIEL STRIPLING, and JANET STRIPLING,<br>        Plaintiffs,<br>vs.<br><br>ELBERT PRICE, individually and as Trustee for these plans: Bud Price's Excavating Service Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, Price's Utility Contractors, Inc. Retirement Plan and for six unnamed plans; MARY RUTH PRICE, individually and as Trustee for these plans: Bud Price's Excavating Service, Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, Price's Utility Contractors, Inc. Retirement Plan and for six unnamed plans (Plans A-F); Bud Price's Excavating Service, Inc. Profit-Sharing Plan; Price's Utility Contractors, Inc. Retirement Plan; Bud Price's Excavating Service, Inc. Retirement Plan; six unnamed plans (Plans A-F); Price's Utility Contractors, Inc. as plan administrator for Price's Utility Contractor's Inc., Retirement Plan and up to six unnamed plans; Bud Price's Excavating Service, Inc. as plan administrator of Bud Price's Excavating Service, Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, and up to six unnamed plans (A-F),<br>        Defendants. | No. 4:08cv003979 SWW |

## ORDER

Plaintiffs Kennith McDowell, Robert Maulding, Luther Stripling, Rudy Kyle, Fred

Dollar, James Joslin, James Milner, Joe Ellis, David Ellis, Daniel Stripling, and Janet Stripling,

former employees or beneficiaries of former employees of defendants Bud Price's Excavating Service, Inc. and Price's Utility Contractors, Inc., bring this action pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq*., to have their benefits under certain profit sharing plans and defined benefit plans maintained by defendants determined and paid.  The matter was referred to Magistrate Judge H. David Young for further proceedings and recommendation.

Plaintiffs appeal [doc.#382] the Magistrate Judge's Order [doc.#380] finding James Turpin, an actuary who performed a calculation of certain benefits, an expert witness and compelling plaintiffs to pay a portion of his fee.  The Magistrate Judge Ruled as follows:

> [T]he defendants' motion to compel the plaintiffs to pay Turpin's fee is granted in part and denied in part. See Document 340.  It is granted in that he offered expert testimony at his deposition.  The motion is denied in that the plaintiffs are not obligated to pay his entire "statement of services rendered" [because defendants, without substantial justification, failed to identify Turpin as an expert witness].  The plaintiffs are ordered to pay $2,300.00 more of Turpin's fee, as they have already paid him $200.00, and must do so within thirty days of this Order.  Any amounts owed him above $2,500.00 are the defendants' responsibility.

February 28, 2011 Order, at 10 [doc.#380].

In their 32-page appeal, plaintiffs argue, *inter alia*, that the Magistrate Judge (1) erred in finding that defendants have standing to ask plaintiffs to pay any expert witness fees, (2) the Magistrate Judge erred in limiting himself to two choices regarding Turpin's status as an expert witness as he was only a fact witness, (3) nothing in the record establishes that Turpin is an expert witness, (4) the Magistrate Judge erred in not striking defendants' "entire pleading set" relating to Turpin's demanded fees as defendants, due to lack of disclosure, are in willful and intentional violation of Fed.R.Civ.P. 37, (5) defendants have waived any right to argue over Turpin's fees, and (6) Turpin's bill is incorrect and it is a manifest injustice for plaintiffs to pay

any part of his bill.

The Court has considered each of the arguments raised by plaintiffs and finds no basis for setting aside the Magistrate Judge's February 28, 2011 Order [doc.#380] finding Turpin an expert witness and compelling plaintiffs to pay a portion of his fee.  Accordingly, the Court denies plaintiff's appeal of the Magistrate Judge's Order.

Plaintiff's ask that if the Court does not set aside the Magistrate Judge's Order, the Court enter a stay as to the payment of Turpin's fee until the matter is heard by the Eighth Circuit.  The Court declines to enter a stay.  Plaintiffs may, however, seek a stay of this Court's Order from the Eighth Circuit Court of Appeals.

IT IS SO ORDERED this 15th day of March 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE