IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KENNITH McDOWELL, ROBERT MAULDING, LUTHER STRIPLING, RUDY KYLE, FRED DOLLAR, JAMES JOSLIN, JAMES MILNER, JOE ELLIS, DAVID ELLIS, DANIEL STRIPLING, and JANET STRIPLING, Plaintiffs, vs. ELBERT PRICE, individually and as Trustee for these plans: Bud Price's Excavating Service Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, Price's Utility Contractors, Inc. Retirement Plan and for six unnamed plans; MARY RUTH PRICE, individually and as Trustee for these plans: Bud Price's Excavating Service, Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, Price's Utility Contractors, Inc. Retirement Plan and for six unnamed plans (Plans A-F); Bud Price's Excavating Service, Inc. Profit-Sharing Plan; Price's Utility Contractors, Inc. Retirement Plan; Bud Price's Excavating Service, Inc. Retirement Plan; six unnamed plans (Plans A-F); Price's Utility Contractors, Inc. as plan administrator for Price's Utility Contractor's Inc., Retirement Plan and up to six unnamed plans; Bud Price's Excavating Service, Inc. as plan administrator of Bud Price's Excavating Service, Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, and up to six unnamed plans (A-F), Defendants. | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | No. 4:08-cv-003979-SWW |

<u>ORDER</u>

Plaintiffs Kennith McDowell, Robert Maulding, Luther Stripling, Rudy Kyle, Fred

Dollar, James Joslin, James Milner, Joe Ellis, David Ellis, Daniel Stripling and Janet Stripling,

former employees or beneficiaries of former employees of defendants Bud Price's Excavating Services, Inc. and Price's Utility Contractors, Inc., bring this action pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, to have their benefits under a profit sharing plan and a defined benefit plan maintained by defendants determined and paid.[1] Plaintiffs challenge the manner in which both the profit sharing plan and the defined benefit plan (collectively, "the plans") were administered.  Plaintiffs allege that the defendants failed to distribute the proper amounts to some plaintiffs and failed to make distributions to others, failed and refused to provide all the information and documentation required by ERISA and that such failures/refusals constituted concealment, bad faith, breach of fiduciary duties and fraud, misrepresented information provided to the plaintiffs, improperly obtained releases for distributions, failed to establish trust funds, improperly allowed an attorney, Barry Jewell, a convicted felon, to administer the plains,[2] improperly calculated distribution amounts, managed plan assets for personal gain, converted plan assets, and improperly invested plan assets. Plaintiffs request, *inter alia*, that any releases be declared void, that all benefits be recalculated and additional benefits due to plaintiffs be paid, that a full accounting be provided for each plan, and that any funds improperly taken be returned to the plans.  See Document 299 (Second Amended Complaint).

Following this Court's denial of defendants' motion to dismiss plaintiffs' Amended

---

[1] Plaintiffs have filed a notice of the death of plaintiff James Joslin and state that a motion to substitute Joplin's estate as plaintiff will be filed as soon as probate is commenced.  See Document 452.

[2] According to defendants, the plans are funded solely by the employer and were established and administered with the assistance of Jewell, a Little Rock lawyer whose practice focused primarily on employment and tax matters.  Defendants note that Jewell was convicted of a felony in federal court in 2008 for acts not pertaining to this action and that his involvement with the plans was thereafter terminated.

Complaint, see Document 55, the action was referred to Magistrate Judge Henry L. Jones for further proceedings and recommendations. After issuing certain rulings, Judge Jones retired from the bench and the referral was reassigned to Magistrate Judge H. David Young.

The Court has now received findings and a recommendation ("F&R") from Judge Young. See Document 450. Plaintiffs have filed objections to Judge Young's F&R. See Documents 453, 454. Defendants have not filed objections but have responded to plaintiffs' objections. See Document 456. Plaintiffs have filed a reply to defendants' response, see Document 457, and an amended reply to defendants' response "to add to p.3 herein and to make small changes elsewhere." See Document 458. The Court has carefully reviewed *de novo* those matters to which plaintiffs have objected, see 28 U.S.C. § 636(b)(1)(C), and finds no basis for rejecting or modifying Judge Young's F&R, either in whole or in part.

Consideration of the issues in this action has been made exceedingly difficult by plaintiffs' unyielding, in many cases excessively long, and often disjointed and dispensable questioning of nearly every aspect of this action.[3] Plaintiffs' current objections to Judge Young's F&R continue that trend and, at times, reflect a misunderstanding of Judge Young's F&R. For example, plaintiffs complain that Judge Young adopted United States Department of Labor (DOL) letters that were issued following a DOL investigation into improprieties with the plans, stating that "the Magistrate's finding that what the DOL said was true is not supported by the evidence." As noted in the F&R, Elbert and Mary Ruth Price, in response to the DOL investigation, hired A. Wyckliff Nisbet, Jr. to act on their behalf and on behalf of the plans. Nisbet, in turn, obtained the services of James Turpin, an enrolled actuarial, after which Nisbet

---

[3] Plaintiffs have filed six appeals to this Court from rulings of Judges Jones and Young since March 2010. See Documents 268, 293, 368, 382, 394, and 421.

and Turpin calculated the distributions to be made to the plaintiffs from the plans.  The DOL subsequently issued letters following its investigation that addressed defendants' corrective actions with respect to the violations previously outlined by the DOL.  Plaintiffs claim that Judge Young adopted the DOL letters as proof of the representations set forth in those letters and that "[t]he record does not show that the DOL ascertained the correctness of the Nisbet/Turbin calculations ... thus the Magistrate's finding that what the DOL said was true is not supported by the evidence."  Plaintiffs simply misunderstand Judge Young's F&R.  Judge Young only set forth in the background section of his F&R what the DOL found from its investigation.  He did not reference the DOL letters in addressing Nisbet's calculations, and with respect to Turpin's calculations, he specifically rejected the DOL letters as being conclusive, stating as follows:

> The defendants maintain that "[s]ince the Department of Labor reviewed and approved Turpin's calculations, it would seem apparent that the primary regulatory agency did not consider the issue to be 'egregious.'"  The undersigned cannot agree.  As was noted above, the Department of Labor's letter of notification reflects that "[p]articipants and beneficiaries have ... received corrected benefit calculations along with explanations of these amounts."  In the context of the letter, it is more likely than not that "corrected" simply means "adjusted" as the record does not reflect that the Department of Labor considered all of the information that must be considered in calculating a benefit to be paid from a defined benefit plan.

It is clear, then, that Judge Young did not blindly adopt the substance of the DOL letters as suggested by plaintiffs.[4]

Other aspects of plaintiffs' objections to Judge Young's F&R seem rather pointless.  For example, plaintiffs take issue with Judge Young's observation that "[m]ost of the Plaintiffs were

---

[4] Plaintiffs' counsel casts aspersions on Mr. Nisbet and Mr. Turpin, stating that "Nisbet is either incompetent or he intentionally understated the benefits due Plaintiffs.  The same goes for Turpin.  Neither is fit to calculate a pension benefit and it is error to let the same set of incompetents/dishonest persons calculate the benefits for the accounting."  Such unfounded characterizations are uncalled for.

beneficiaries under [the 1997] plan" by stating "OBJECTION: All Plaintiffs are participants in the 1997 [plan] except for Plaintiffs Milner and David Ellis who both left the job prior to the inception of this plan. That is what excludes them." But isn't that the same as Judge Young saying that "[m]ost of the Plaintiffs were beneficiaries under [the 1997] plan"? The Court simply does not understand why such a passing observation would warrant an objection.

Plaintiffs also claim that Judge Young misconstrued the law and gave improper inferences to the evidence and that he "denied all discovery and refused to enforce the April 2010 discovery order." This, however, is simply false as nothing in the record shows that Judge Young misconstrued the law and gave improper inferences to the evidence, and the record shows that the plaintiffs were afforded full and fair discovery; nothing in the record shows that Judge Young (or Judge Jones) refused to enforce discovery orders.

The Court will not further burden the record by setting forth a detailed refutation of each of plaintiffs' objections (73 pages worth).[5] Suffice it to say that the Court finds that Judge Young's F&R is thorough and well-reasoned and provides a succinct, clear, and fair disposition from which this action may proceed to its conclusion. Accordingly, the Court concludes that Judge Young's F&R should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects. The motions for summary judgment filed by the plaintiffs, see

---

[5] As of this writing, there are 458 docket entries, a great deal of which were filed by plaintiffs. These include plaintiffs' motions to disqualify defendants' counsel, for Fed.R.Civ.P. 11 and 37 sanctions, and to hold defense counsel in contempt. The Court agrees with Judge Young that "[t]he plaintiffs' pleadings have been excessively long and contain allegations that describe serious misconduct on the part of the defendants" and that "[t]he voluminous pleadings filed by the plaintiffs have been long on sweeping allegations and short on factual support." Despite the difficulties created by plaintiffs in the Court's consideration of the issues, plaintiffs prevailed in several respects. These include Judge Young's recommendations, adopted by this Court, that most of the plaintiffs are owed benefits, that a civil penalty be imposed for the plan administrators' failure to provide the eligible plaintiffs with the required information for the plans, and that the plan administrators' failure to give timely "204(h) notice" was "egregious."

Documents 318, 330, are granted in part and denied in part, and the motion for summary judgment filed by the defendants, see Document 320, is denied in full.

As set forth on the final page of Judge Young's F&R, the parties are ordered to file <u>short</u> briefs on the question of the application of the remedy prescribed by 29 U.S.C. § 1054(h)(6)(a). Unless directed otherwise by Judge Young (to whom this action remains referred), these briefs must be filed within fourteen (14) days of the date of entry of this Order and must not exceed five (5) pages in length.

IT IS SO ORDERED this 15th day of February 2012.

<u>/s/Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE