# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

KENNITH McDOWELL, ROBERT MAULDING,           PLAINTIFFS
LUTHER STRIPLING, RUDY KYLE, FRED DOLLAR,
JAMES JOSLIN, JAMES MILNER, JOE ELLIS,
DAVID ELLIS, DANIEL STRIPLING, and
JANET STRIPLING

v.                  NO. 4:08CV03979 SWW/HDY

ELBERT PRICE, Individually and as Trustee for        DEFENDANTS
Bud Price's Excavating Service, Inc., Profit-Sharing
Plan; Bud Price's Excavating Service, Inc., Retirement
Plan; Price's Utility Contractors, Inc., Retirement
Plan; and six unnamed plans; MARY RUTH PRICE,
Individually and as Trustee for Bud Price's Excavating
Service, Inc., Profit-Sharing Plan; Bud Price's
Excavating Service, Inc., Retirement Plan; Price's
Utility Contractors, Inc., Retirement Plan; and six
unnamed plans; BUD PRICE'S EXCAVATING SERVICE,
INC., PROFIT-SHARING PLAN; PRICE'S UTILITY
CONTRACTORS, INC., RETIREMENT PLAN; BUD PRICE'S
EXCAVATING SERVICE, INC., RETIREMENT PLAN;
SIX UNNAMED PLANS; PRICE'S UTILITY CONTRACTORS,
INC., as plan administrator for Price's Utility Contractors,
Inc., Retirement Plan, and six unnamed plans; and
BUD PRICE'S EXCAVATING SERVICE, INC., as plan
administrator for Bud Price's Excavating Service, Inc.,
Profit-Sharing Plan; Bud Price's Excavating Service,
Inc., Retirement Plan; and six unnamed plans

ORDER

DOCUMENT 495. The plaintiffs have filed several motions in the case at bar. First, they have filed a motion requesting, inter alia, the production of all Schwab statements and the list of Schwab payees for the Schwab accounts. See Document 495.[1] The motion is granted in the following one respect only. United States District Judge Susan Webber Wright has found that the following plaintiffs are entitled to distributions from the Bud Price's Excavating Service, Inc., profit-sharing plan ("profit-sharing plan") in the following amounts, amounts determined as of October 31, 2009:

1. Kennith McDowell                          $18,776.00

2. Robert Maulding                           $34,692.00

3. Luther Stripling                          $4,054.00

4. Rudy Kyle                                 $3,045.00

5. James Milner                              $17,402.22

6. Janet Stripling, on behalf of Royce Stripling     $38,608.00

See Document 450 at 30-31, adopted by Judge Wright in Document 459. Judge Wright found that with regard to the profit-sharing plan, all that remains to be done is for the plaintiffs' accounts to be made current and distributed. With specific regard to the Schwab accounts, the Court orders the following:

---

[1]

The plaintiffs did not actually file such a motion. Instead, they filed two briefs in support of such a motion. See Document 495 and 496. Rather than require the plaintiffs to file an actual motion, the Court has simply construed one of the briefs as a motion.

A. The defendants shall provide the plaintiffs with account information from the Schwab accounts for those plaintiffs entitled to benefits from the profit-sharing plan, specifically, information pertaining to accounts for Kennith McDowell; Robert Maulding; Luther Stripling; Rudy Kyle; James Milner; and Janet Stripling, on behalf of Royce Stripling. The defendants shall not provide account information for any other individual.

B. The defendants shall provide the Schwab accounts for the period from November of 2009 through March of 2012, only.

C. The defendants shall provide the plaintiffs with the Schwab accounts by the close of business on **April 30, 2012**.

The plaintiffs' motion is denied in all other respects.

DOCUMENT 497. Second, the plaintiffs have filed a motion regarding the following matters: (1) joint and several liability, (2) pre-judgment interest, (3) actuarial adjustment for benefit plan distributions, (4) continuing jurisdiction, (5) setting a payment date for distribution of pension benefits, (6) providing documents and calculations for all benefit calculations, (7) revisiting discovery rulings, and (8) estoppel. See Document 497. The motion is denied as it lacks a factual and legal basis.

DOCUMENT 500. Third, the plaintiffs have filed a motion requesting "application of the 204(h) findings to Bud Price's Excavating Service, Inc., Retirement Plan [1983 plan] and to brief those percentages for the 1983 plan." See Document 500. In the motion, they request the following:

Plaintiffs ask … the Court to apply its findings that no 204(h) notices were provided for both the 1997 and 1983 plans.

Plaintiffs ask that the Court order the Nisbet "recalculations" to include changes to the 1983 plan benefits by application of the correct 204(h) percents and by correction of any multiplication errors. …

Plaintiffs ask for permission to brief the percentages that should apply to the calculation of their benefits in the 1983 plan.

See Document 500 at 1. The motion is denied. The 1983 defined benefit plan no longer exists. Any penalties awarded the plaintiffs in the case at bar will be for the defendants' failure to provide the required 204(h) notices for the profit-sharing plan and the Price's Utility Contractors, Inc., retirement plan ("1997 defined benefit plan").

DOCUMENT 505. Fourth, the plaintiffs have filed a motion regarding "payment of contributions to Bud Price's Excavating Service, Inc., Retirement Plan and Price's Utility Contractors, Inc., Retirement Plan until termination of each plan." See Document 505. In the motion, they request the following:

The plan administrators should be ordered to catch up and continue to make contributions to Bud Price's Excavating Service, Inc., Retirement Plan and Price's Utility Contractors, Inc., Retirement Plan until each is terminated.

An independent firm should be used to do the math for PUC re the 204(h) percentages and that same firm should do the contribution calculations from the last one made until the PUC plan terminates.

See Document 505 at 1. The motion is denied. The 1983 defined benefit plan no longer exists, and the plaintiffs have failed to show good cause for compelling the defendants

to catch up and continue making contributions to the 1997 defined benefit plan. Benefit accruals for the 1997 defined benefit plan were terminated effective January 1, 2003, when Price's Utility "froze" the plan.

DOCUMENT 509. Fifth, the plaintiffs have filed a motion requesting the "production of fiduciary documents." See Document 509. In the motion, they request the following:

> The Court has recently found that Nisbet, Turpin, and Mitchell as well as their respective employers do not have to repay plan funds used to pay these entities.
>
> Since litigation expenses cannot be paid out [of] plan funds but plan administration expenses can, this implies that these three are plan administrators and thus fiduciaries. Plaintiffs want a ruling concerning the fiduciary status or lack thereof for Nisbet, Turpin, and Mitchell and the specific facts the Court relied upon for this finding.
>
> Plaintiffs want all particulars about these new-found fiduciaries: their fiduciary duties, tasks, fees, and all other relevant information.

See Document 509 at 1. The motion is denied for the following reasons. First, the Court has made no finding regarding whether A. Wyckliff Nisbet, Jr. ("Nisbet"), James Turpin ("Turpin"), and James Mitchell ("Mitchell") must repay any funds. See Document 487 at 1. Second, notwithstanding the foregoing, it appears that Nisbet, Turpin, and Mitchell have simply assisted the various plans in determining and distributing the plaintiffs' benefits. The plaintiffs have not shown that these actions made Nisbet, Turpin, and Mitchell plan fiduciaries.

DOCUMENT 485. The defendants have also filed a motion, one to "enjoin further pleadings." See Document 485. In a brief accompanying the motion, they represent the following:

> Throughout this litigation, the plaintiffs have filed improper, unnecessary, and redundant pleadings and amendments for no apparent reason other than to make it unduly burdensome to understand or decide this action. After the denial of their objections to the proposed findings and recommendations, the plaintiffs resumed their onslaught of the record by filing numerous, variously-titled motions that are nothing but repetitions of the erroneous arguments asserted both before and with their motion for summary judgment.

> With the approval of the findings and recommendation, all that remains is to enter a final order. Should the Court consider additional proceedings or filings necessary, it can order compliance by the parties. The defendants should not be compelled to respond to repetitious, rambling pleadings, and the Court's time should not be diverted from reaching a conclusion to this matter.

See Document 486 at 1. The motion is granted in the following respect. The record is replete with the plaintiffs' repeated efforts to re-argue issues that have already been decided and to argue issues that can only be decided by Judge Wright after the parties have had an opportunity to object to the final recommendation made to her. In order to help expedite the final resolution of this case, the Court will no longer entertain motions from the plaintiffs nor the defendants, save a motion relating to the production of the Schwab accounts or involving some ministerial act such as an extension of time. In the event either party files a motion other than one relating to the production of the Schwab accounts or involving some ministerial act, the opposing party need not respond and the

motion will be summarily denied. If an additional submission is required from either party, the Court will so notify the party. When a final recommendation is made to Judge Wright, the parties may raise any relevant argument in objection.

THE CONCLUSION OF THIS CASE. This case is now approximately three and one-half years old and needs to come to a conclusion. In order to help do so, the Court establishes the following deadlines. First, the Court desires to have up-to-date calculations made of the benefits owed from the profit-sharing plan and establishes the following deadline:

A. The defendants are ordered to submit up-to-date calculations for the plaintiffs owed benefits from the profit-sharing plan.

B. The defendants shall submit up-to-date calculations for the plaintiffs owed benefits from the profit-sharing plan by the close of business on **April 30, 2012.**

C The plaintiffs shall have until the close of business on **May 10, 2012**, to lodge any objection to the defendants' up-to-date calculations for the profit-sharing plan.

Second, the defendants have until the close of business on April 23, 2012, to submit a re-calculation of benefits owed from the 1997 defined benefit plan. See Document 524. As to a response, the Court establishes the following deadline:

The plaintiffs shall have until the close of business on **May 10, 2012**, to lodge any objection to the defendants' re-calculations of benefits owed from the 1997 defined benefit plan.

Third, the plaintiffs have filed a motion requesting an award of penalties from the defendants. <u>See</u> Document 465. The defendants have never responded to that motion. The Court therefore establishes the following deadline for doing so:

A. The defendants are ordered to submit a response to the motion requesting an award of penalties by the close of business on **April 30, 2012**.

B. The Court will not entertain a rebuttal from the plaintiffs.

Last, in the final recommendation to Judge Wright, the Court desires to address the issue of attorney's fees. The Court therefore establishes the following deadlines for the submission of pleadings relating to attorney's fees:

A. The plaintiffs shall file their motion for attorney's fees by the close of business on **April 30, 2012**.

B. The defendants shall have until the close of business on **May 10, 2012**, to file a response to the plaintiffs' motion for attorney's fees.

C. The Court will not entertain a rebuttal from the plaintiffs.

After the submission of the aforementioned matters, the Court will make a final recommendation to Judge Wright. At that time, the parties may raise any relevant argument in objection.

<u>SUMMARY</u>. In summary, the Court orders the following:

1) Document 495. The motion is granted in one respect and denied in all other respects. The defendants shall provide the plaintiffs with the Schwab accounts for the

plaintiffs entitled to benefits from the profit-sharing plan for the period from November of 2009 through March of 2012, only. The defendants shall not provide account information for any other individual.   The defendants shall provide the plaintiffs with the Schwab accounts by the close of business on **April 30, 2012**.

2) Document 497. The motion is denied.

3) Document 500. The motion is denied.

4) Document 505. The motion is denied.

5) Document 509. The motion is denied.

6) Document 485. The motion is granted in the following respect. The Court will no longer entertain motions from the plaintiffs nor the defendants, save a motion relating to the production of the Schwab accounts or involving some ministerial act such as an extension of time.

7) The Court establishes the following deadlines for bringing this case to a conclusion:

I. For the profit-sharing plan:

(a) The defendants shall submit up-to-date calculations for the plaintiffs owed benefits from the profit-sharing plan by the close of business on **April 30, 2012**.

(b) The plaintiffs shall have until the close of business on **May 10, 2012**, to lodge any objection to the defendants' up-to-date calculations for the profit-sharing plan.

II. For the 1997 defined benefit plan:

     (a) The defendants have until the close of business on April 23, 2012, to submit a re-calculation of benefits owed from the 1997 defined benefit plan. <u>See</u> Document 524.

     (b) The plaintiffs shall have until the close of business on **May 10, 2012**, to lodge any objection to the defendants' re-calculations of benefits owed from the 1997 defined benefit plan.

III. For an award of penalties:

     (a) The defendants are ordered to submit a response to the plaintiffs' motion requesting an award of penalties by the close of business on **April 30, 2012**.

     (b) No rebuttal from the plaintiffs will be entertained.

IV. For an award of attorney's fees:

     (a) The plaintiffs shall file their motion for attorney's fees by the close of business on **April 30, 2012**.

     (b) The defendants shall have until the close of business on **May 10, 2012**, to file a response to the plaintiffs' motion for attorney's fees.

     (c) No rebuttal from the plaintiffs will be entertained.

IT IS SO ORDERED this ___6___ day of April, 2012.


_____
UNITED STATES MAGISTRATE JUDGE