IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KENNITH McDOWELL, ROBERT MAULDING, LUTHER STRIPLING, RUDY KYLE, FRED DOLLAR, JAMES JOSLIN, JAMES MILNER, JOE ELLIS, DAVID ELLIS, DANIEL STRIPLING, and JANET STRIPLING,
Plaintiffs,

vs. No. 4:08-cv-03979-SWW-HDY

ELBERT PRICE, individually and as Trustee for these plans: Bud Price's Excavating Service Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, Price's Utility Contractors, Inc. Retirement Plan and for six unnamed plans; MARY RUTH PRICE, individually and as Trustee for these plans: Bud Price's Excavating Service, Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, Price's Utility Contractors, Inc. Retirement Plan and for six unnamed plans (Plans A-F); Bud Price's Excavating Service, Inc. Profit-Sharing Plan; Price's Utility Contractors, Inc. Retirement Plan; Bud Price's Excavating Service, Inc. Retirement Plan; six unnamed plans (Plans A-F); Price's Utility Contractors, Inc. as plan administrator for Price's Utility Contractor's Inc., Retirement Plan and up to six unnamed plans; Bud Price's Excavating Service, Inc. as plan administrator of Bud Price's Excavating Service, Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, and up to six unnamed plans (A-F),
Defendants.

ORDER

Plaintiffs Kennith McDowell, Robert Maulding, Luther Stripling, Rudy Kyle, Fred Dollar, James Joslin, James Milner, Joe Ellis, David Ellis, Daniel Stripling, and Janet Stripling,

former employees or beneficiaries of former employees of defendants Bud Price's Excavating Service, Inc. and Price's Utility Contractors, Inc., bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, to have their benefits under certain profit sharing plans and defined benefit plans maintained by defendants determined and paid. The matter was referred to Magistrate Judge H. David Young for further proceedings and recommendation.

Plaintiffs appeal [Document 534] the Magistrate Judge's April 6, 2012 Order [Document 526] that orders the following:

> 1) Document 495. The motion is granted in one respect and denied in all other respects. The defendants shall provide the plaintiffs with the Schwab accounts for the plaintiffs entitled to benefits from the profit-sharing plan for the period from November of 2009 through March of 2012, only. The defendants shall not provide account information for any other individual. The defendants shall provide the plaintiffs with the Schwab accounts by the close of business on April 30, 2012.
>
> 2) Document 497. The motion is denied.
>
> 3) Document 500. The motion is denied.
>
> 4) Document 505. The motion is denied.
>
> 5) Document 509. The motion is denied.
>
> 6) Document 485. The motion is granted in the following respect. The Court will no longer entertain motions from the plaintiffs nor the defendants, save a motion relating to the production of the Schwab accounts or involving some ministerial act such as an extension of time.
>
> 7) The Court establishes the following deadlines for bringing this case to a conclusion:
>
>> I. For the profit-sharing plan:
>>
>>> (a) The defendants shall submit up-to-date calculations for the plaintiffs owed benefits from

      the profit-sharing plan by the close of business on April 30, 2012.

      (b) The plaintiffs shall have until the close of business on May 10, 2012, to lodge any objection to the defendants' up-to-date calculations for the profit-sharing plan.

   II. For the 1997 defined benefit plan:

      (a) The defendants have until the close of business on April 23, 2012, to submit a re-calculation of benefits owed from the 1997 defined benefit plan. See Document 524.

      (b) The plaintiffs shall have until the close of business on May 10, 2012, to lodge any objection to the defendants' re-calculations of benefits owed from the 1997 defined benefit plan.

   III. For an award of penalties:

      (a) The defendants are ordered to submit a response to the plaintiffs' motion requesting an award of penalties by the close of business on April 30, 2012.

      (b) No rebuttal from the plaintiffs will be entertained.

   IV. For an award of attorney's fees:

      (a) The plaintiffs shall file their motion for attorney's fees by the close of business on April 30, 2012.

      (b) The defendants shall have until the close of business on May 10, 2012, to file a response to the plaintiffs' motion for attorney's fees.

      (c) No rebuttal from the plaintiffs will be entertained.

The Court has considered the arguments raised by plaintiffs, including their arguments

that they have been denied the right to counsel as plaintiffs' counsel cannot file a pleading and that their due process rights have been taken away, and finds no basis for setting aside any aspect of the Magistrate Judge's April 6, 2012 Order.[1]  Accordingly, the Court denies plaintiff's appeal of the Magistrate Judge's Order.[2]

IT IS SO ORDERED this 17th day of April 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] The Court rejects plaintiffs' claim that the Magistrate Judge has "evidenced bias" against them in his rulings.

[2] This is plaintiffs' ninth appeal of an Order of the Magistrate Judge since March 2010.  See Documents 268, 293, 368, 382, 394, 421, 504, and 531.