# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

KENNITH McDOWELL, ROBERT MAULDING,                    PLAINTIFFS
LUTHER STRIPLING, RUDY KYLE, FRED DOLLAR,
JAMES JOSLIN, JAMES MILNER, JOE ELLIS,
DAVID ELLIS, DANIEL STRIPLING, and
JANET STRIPLING


v.                          NO. 4:08CV03979 SWW/HDY


ELBERT PRICE, Individually and as Trustee for           DEFENDANTS
Bud Price's Excavating Service, Inc., Profit-Sharing
Plan; Bud Price's Excavating Service, Inc., Retirement
Plan; Price's Utility Contractors, Inc., Retirement
Plan; and six unnamed plans; MARY RUTH PRICE,
Individually and as Trustee for Bud Price's Excavating
Service, Inc., Profit-Sharing Plan; Bud Price's
Excavating Service, Inc., Retirement Plan; Price's
Utility Contractors, Inc., Retirement Plan; and six
unnamed plans; BUD PRICE'S EXCAVATING SERVICE,
INC., PROFIT-SHARING PLAN; PRICE'S UTILITY
CONTRACTORS, INC., RETIREMENT PLAN; BUD PRICE'S
EXCAVATING SERVICE, INC., RETIREMENT PLAN;
SIX UNNAMED PLANS; PRICE'S UTILITY CONTRACTORS,
INC., as plan administrator for Price's Utility Contractors,
Inc., Retirement Plan, and six unnamed plans; and
BUD PRICE'S EXCAVATING SERVICE, INC., as plan
administrator for Bud Price's Excavating Service, Inc.,
Profit-Sharing Plan; Bud Price's Excavating Service,
Inc., Retirement Plan; and six unnamed plans

ORDER

The Court continues to review the parties' submissions in drafting a final recommendation to the district court. One of the issues under review is the amount of civil penalties to be imposed for the plan administrators' failure to provide ERISA-required information for the profit-sharing and 1997 defined benefit plans. The defendants' position on that issue is noteworthy for the following reason: they maintain that penalties should not be imposed because the relevant portion of 29 U.S.C. 1132(c) requires a **written request** by the participant-plaintiffs and, with few exceptions, the participant-plaintiffs made no **written requests** for plan information or documents prior to the commencement of this litigation.[1] The defendants' assertion is correct in at least

---

[1]

Specifically, the defendants maintain the following:

Certain information has always been required to be provided to participants by a Plan Administrator. However ERISA permits the imposition of a penalty in this action only for a failure to provide information in response to a written request by a participant. For example, a summary plan description is required to be provided under 29 U.S.C. 1021, but the penalty provision of 1132(c) only permits the imposition of a penalty against the Plan Administrator when there is a failure to provide the information "upon request;" a summary annual report is required to be provided under 1024(b)(3) but the penalty provision of 1132(c) only permits the imposition of a penalty against the Plan Administrator when there is a failure to provide the information "upon request."

This was also true for the information required to be disclosed pursuant to 29 U.S.C. 1025(a) until that section was amended (effective for plan years beginning after December 31, 2006) to require that certain information be provided even without a request. [Footnote omitted]. Beginning in 2007, the penalty provision of 1132(c) was amended to impose a penalty for failing to provide certain information required under 1025(a) without a request. However, the information required to be provided under 1025(a) is only required for a participant who is actually employed with the Plan Sponsor - this change also came about pursuant to the amendment that was effective for plan years beginning after December 31, 2006. By December 31, 2006, however, all employees had been terminated, and there were no active employees for either plan. [Footnote omitted]. The only information for which a penalty may be imposed under 1132(c) is pursuant to

one respect: the participant-plaintiffs made few **written requests** for plan information or documents prior to the commencement of this litigation. Their failure to do so, though, is understandable because, in large part, they did not know the plans in question existed until around the time this litigation commenced. See Document 450 at 14-21.

In an attempt to help expedite the final resolution of this case, the Court barred the parties from filing additional motions. See Document 526. The Court noted in that order, though, that "[i]f an additional submission is required from either party, the Court will so notify the party." See Document 526 at 7. The Court would benefit from a brief by the plaintiffs on the following question: can civil penalties be imposed for a plan administrator's failure to provide ERISA-required information when the plan participants did not make a **written request** but never knew the plan existed. The plaintiffs' brief shall not exceed five pages and shall cite relevant authority. They are given up to, and including, July 9, 2012, to submit their brief.

IT IS SO ORDERED this ___27___ day of June, 2012.


_____
UNITED STATES MAGISTRATE JUDGE

_____

1025(a) (which is not applicable because the plaintiffs were not employed by the time it became effective), under 1021(f)(3) (which was not applicable until the 2008 plan year [footnote omitted]), or in response to a specific request by a participant. Section 1132 is a statutory penalty that "may not be imposed unless the words of the statute plainly impose it." Christensen v. Qwest Pension Plan, 462 F.3d 913, 919 (8th Cir. 2006).

See Document 543 at 1-2.