IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KENNITH McDOWELL, ROBERT MAULDING, LUTHER STRIPLING, RUDY KYLE, FRED DOLLAR, JAMES JOSLIN, JAMES MILNER, JOE ELLIS, DAVID ELLIS, DANIEL STRIPLING, and JANET STRIPLING, | * * * * * * * | |
| Plaintiffs, | * | |
| vs. | * * | No. 4:08-cv-03979-SWW-HDY |
| ELBERT PRICE, individually and as Trustee for these plans: Bud Price's Excavating Service Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, Price's Utility Contractors, Inc. Retirement Plan and for six unnamed plans; MARY RUTH PRICE, individually and as Trustee for these plans: Bud Price's Excavating Service, Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, Price's Utility Contractors, Inc. Retirement Plan and for six unnamed plans (Plans A-F); Bud Price's Excavating Service, Inc. Profit-Sharing Plan; Price's Utility Contractors, Inc. Retirement Plan; Bud Price's Excavating Service, Inc. Retirement Plan; six unnamed plans (Plans A-F); Price's Utility Contractors, Inc. as plan administrator for Price's Utility Contractor's Inc., Retirement Plan and up to six unnamed plans; Bud Price's Excavating Service, Inc. as plan administrator of Bud Price's Excavating Service, Inc. Profit-Sharing Plan, Bud Price's Excavating Service, Inc. Retirement Plan, and up to six unnamed plans (A-F), | * * * * * * * * * * * * * * * * * * * * * * * | |
| Defendants. | * | |

<u>ORDER</u>

Plaintiffs Kennith McDowell, Robert Maulding, Luther Stripling, Rudy Kyle, Fred

Dollar, James Joslin, James Milner, Joe Ellis, David Ellis, Daniel Stripling, and Janet Stripling

bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, to have their benefits under certain profit sharing plans and defined benefit plans determined and paid. The matter was referred to Magistrate Judge H. David Young for further proceedings and recommendation.

The Court has now received findings and a recommendation ("F&R") (Document 554) from Judge Young. After a careful review of the F&R, plaintiffs' timely objections to the F&R (Document 555),[1] and a de novo review of the relevant portions of the record, see 28 U.S.C. § 636(b)(1)(C), the Court concludes that the F&R should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

Plaintiffs have also filed a "Statement of Necessity" requesting to submit "new, different, and additional evidence." See Doc.#556.[2] The Court notes that the so-called "new, different, and additional evidence" for the most part predates Judge Young's September 2011 hearing on the motions for summary judgment and plaintiffs give no reason why the evidence they seek to add to this already overburdened record could not have been earlier presented to the Magistrate Judge. Moreover, plaintiffs do not discuss how this evidence would impact Judge Young's F&R, only stating in a conclusory and inadequate manner that "[t]hese added documents are relevant to the reasons the Magistrate gave for denying Plaintiffs certain relief in Doc.#554." The Court will not allow evidence to be added to the record absent a detailed explanation of how that evidence is relevant to the proceedings. Accordingly, the Court denies plaintiffs' request to

---

[1] Plaintiffs style their objections as "Plaintiffs' Appeal of the Magistrate's Order, Doc.#554." See Doc.#555. Defendants have not objected to Judge Young's F&R.

[2] Plaintiffs originally docketed this pleading as a motion for preliminary injunction but then asked the Court to "Ignore the preliminary injunction, this is the Statement of Necessity re Doc.#555."

submit "new, different, and additional evidence."

In their objections, plaintiffs rehash many of their arguments advanced throughout the course of this litigation,[3] they allege fraud and embezzlement, they claim that some of the individuals involved are crooks, and they object to the amount of attorney's fees and costs they are being awarded.  Plaintiffs, however, provide no persuasive reasons why Judge Young's F&R is in error, either in whole or in part, and the Court finds that Judge Young's F&R is thorough and well-reasoned and provides a succinct, clear, and fair disposition of the final aspects of this action.

Plaintiffs also claim the Court is biased and seem to place blame on the Court for the tortuous course of this litigation, stating that "[i]f the Magistrate and the Court had ordered the discovery produced, it would have reduced this case to a simple calculation of benefits.  But that did not happen."  Plaintiffs' claim of bias is without merit and the Court agrees with Judge Young's characterization of plaintiffs' prosecution of this action:

> [Plaintiffs'] pleadings were excessively long and contained allegations that described serious misconduct on the part of the defendants. Their voluminous pleadings were long on sweeping allegations but short on factual support and made the completion of this case a great challenge. They filed irrelevant pleadings, took an appeal to the district court of almost every ruling made by the Magistrate Judges assigned to this case, and took a frivolous appeal to the Court of Appeals.  Recently, the plaintiffs filed a request for civil penalties totaling roughly $878,000,00.00. It is difficult to properly characteriz[e] such a request. In short, the plaintiffs' prosecution of this case caused the opposing party and the courts to expend an excessive amount of time and resources.
>
> . . .

ERISA cases can be less desirable than other types of cases, and the skill requisite

---

[3] For example, with respect to one calculation plaintiffs claim is "fundamentally flawed," plaintiffs state they "have had this position since the data first surfaced in August 2009."

       to perform the legal services properly is great. The case at bar, though, is not such an instance but is, or should have been, a relatively simple, straightforward case to determine the benefits owed the plaintiffs from the profit-sharing and 1997 defined benefit plans. There was nothing novel or difficult about this case as the factual and legal issues were not complicated, but the case became much more. Although the defendants bear some of the blame, the lion's share of the blame falls on the plaintiffs.

F&R, at 29-31 (footnotes omitted).[4]

    The Court is not in the habit of referring civil matters of this sort to Magistrate Judges, but given the manner in which plaintiffs have prosecuted this action, the Court determined that two sets of judicial eyes were necessary in insuring that an adequate record be made for the likely appeal to the United States Court of Appeals for the Eighth Circuit. The Court is very appreciative of Judge Young's Herculean efforts in making sense of a record dominated by plaintiffs' often opaque and borderline abusive filings.

    The Court orders the following:

    1) The following plaintiffs are owed benefits in the following amounts from the profit-sharing plan as of October 31, 2011: (1) Kennith McDowell, $21,017.79; (2) Robert Maulding, $38,833.27; (3) Luther Stripling, $4,537.56; (4) Rudy Kyle, $274.81; (5) James Milner, $19,479.70; and (6) Janet Stripling, on behalf of Royce Stripling, $35,941.30.

    2) The defendants shall provide a second round of updated calculations for the profit-sharing plan and pay those amounts, taking into account any changes in the balances that have occurred since October 31, 2011.

    3) The benefits owed the plaintiffs from the 1997 defined benefit plan be calculated using

---

[4] Plaintiffs state they never asked for the imposition of $878,486,910.00 in civil penalties but "simply said that was the total of the penalties and asked that a total multimillion dollar penalty would be appropriate." Plaintiffs go on to state that defendants never objected to any amount of penalties and that "if the Defendants do not care what amount is entered, why should the court?"

4

the following percentages:

>    a) for the period beginning January 1, 1997, i.e., the effective date of the plan, up to January 1, 1999, forty-five percent;
>
>    b) for the period beginning January 1, 1999, up to December 31, 2000, 47.50 percent; and
>
>    c) for the period beginning December 31, 2000, up to January 1, 2003, i.e., the date benefit accruals under the plan were terminated, forty-nine percent.

4) The following plaintiffs shall be paid benefits in the following amounts from the 1997 defined benefit plan: (1) Kennith McDowell, $106,699.12; (2) Robert Maulding, $150,297.19; (3) Luther Stripling, $108,699.12; (4) Rudy Kyle, 10,970.85; (5) Fred Dollar, $13,253.42; (6) James Joslin, $11,001.99; (7) Joe Ellis, $1,654.57; (8) Daniel Stripling, $268.29; and (9) Janet Stripling, on behalf of Royce Stripling, $38,864.91.

5) The previous finding that Daniel Stripling is owed benefits from the 1997 defined benefit plan in the amount of $268.29 will not be disturbed.

6) The plaintiffs' motion for civil penalties is granted. See Document 465.

7) The civil penalties shall be imposed solely upon the plan administrators, not upon the Elbert and Mary Ruth Price as trustees.

8) The failure of Price's Utility Contractors, Inc., ("Price Utility") to give timely "204(h) notice" will not be considered in determining civil penalties under 29 U.S.C. 1132(c)(1).

9) Civil penalties shall be imposed on counts one, two, and four because Price's Utility failed to disclose the funding notices for the 1997 defined benefit plan as alleged in count one, the administrators of the profit-sharing and 1997 defined benefit plans failed to make the

mandatory disclosures required by ERISA as alleged in count four, and both administrators failed to timely respond to the request made by plaintiffs Kennith McDowell and Robert Maulding as partially alleged in count four.

10) On count one, Price's Utility is ordered to pay civil penalties to the following plaintiffs in the following amounts for its failure to provide them with funding notices for the 1997 defined benefit plan as required by 29 U.S.C. 1021(f) for plan years 2008 forward: (1) Kennith McDowell, $1,000.00; (2) Robert Maulding, $1,000.00; (3) Luther Stripling, $1,000.00; (4) Rudy Kyle, $500.00; (5) Fred Dollar, $500.00; (6) James Joslin, $500.00; (7) Joe Ellis, $250.00; (8) Daniel Stripling, $100.00; and (9) Janet Stripling, on behalf of Royce Stripling, $500.00.

11) On count two, Price's Excavating Service, Inc. ("Price's Excavating") is ordered to pay civil penalties to Kennith McDowell and Robert Maulding in the following amounts for its failure to provide a timely response to their July of 2007 requests for documents: (1) Kennith McDowell, $500.00, and (2) Robert Maulding, $500.00.

12) On count two, Price's Utility is ordered to pay civil penalties to Kennith McDowell and Robert Maulding in the following amounts for its failure to provide a timely response to their July of 2007 requests for documents: (1) Kennith McDowell, $500.00, and (2) Robert Maulding, $500.00.

13) On count four, Price's Excavating is ordered to pay civil penalties to the following plaintiffs in the following amounts for its failure to make the mandatory disclosures for the profit-sharing plan required by ERISA for the years 1974 forward: (1) Kennith McDowell, $5,000.00; (2) Robert Maulding, $5,000.00; (3) Luther Stripling, $1,250.00; (4) Rudy Kyle,

$125.00; (5) James Milner, $5,000.00; and (6) Janet Stripling, on behalf of Royce Stripling, $5,000.00.

14) On count four, Price's Utility is ordered to pay civil penalties to the following plaintiffs in the following amounts for its failure to make the mandatory disclosures for the 1997 defined benefit plan required by ERISA for the years 1997 forward: (1) Kennith McDowell, $2,500.00; (2) Robert Maulding, $2,500.00; (3) Luther Stripling, $2,500.00; (4) Rudy Kyle, $500.00; (5) Fred Dollar, $500.00; (6) James Joslin, $500.00; (7) Joe Ellis, $250.00; (8) Daniel Stripling, $100.00; and (9) Janet Stripling, on behalf of Royce Stripling, $500.00.

15) The plaintiffs' motion for attorney's fees and costs is granted. See Document 540. They are awarded attorney's fees in the amount of $20,625.00 and costs in the total amount of $15,500.00.[5]

IT IS SO ORDERED this 15th day of October 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[5] Defendants have filed a motion for clarification [doc.#557] asking whether the award of attorney's fees and costs "be paid by some or all of the defendants." Plaintiffs have responded to defendants' motion and defendants have filed a reply to plaintiffs' response. Having considered the matter, the Court determines that the award of attorney's fees and costs will be joint and several against all defendants.